MIGUEL A. CARRERAS, Petitioner and Appellant, *v.* INSULAR POLICE COMMISSION, and REXFORD G. TUGWELL, GOVERNOR OF PUERTO RICO, Respondents and Appellees.

No. 8532.   Argued May 26, 1942.—Decided June 10, 1942.

R. *Cuevas Zequeira* for appellant.   *George A. Malcolm, Attorney General,* and *G. Benítez Gautier, Deputy Attorney General,* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Pursuant to a recommendation made to the Governor of Puerto Rico by the Insular Police Commission under §27 of the Act to provide for the Organization, Regulation, and Government of the Insular Police of Puerto Rico, approved March 12, 1908, as amended by Act No. 46, approved July 15, 1925 (Laws of 1925, pp. 262, 268), the Governor removed the petitioner from the office of Insular Police Coordinating Officer. At the outset, and for a better understanding of the proceeding instituted for the removal of the petitioner, it seems advisable to transcribe here that part of §27, *supra,* which regulates said proceeding. It reads as follows:

"Charges preferred against any insular police officer shall be preferred before the commission, which shall hear the charges and

also the interested parties, and at the same time make an investigation of the case. If the charges shall be proven, the Commission shall transmit the same to the Governor of Porto Rico with the statement of the facts, and make such recommendation as it may deem advisable. Otherwise it shall direct that such charges be filed; *Provided,* That if the Governor of Porto Rico shall find that such facts have been duly proven and that they constitute sufficient grounds therefor, *he shall impose such penalty on the official referred to, as he may deem just."* (Italics ours.)

In order to review the decisions of the Governor and of the Insular Police Commission, the appellant filed the certiorari petition herein in the lower court, which peremptorily denied the same on the ground that in this jurisdiction no statute whatever exists authorizing the issuance of a writ of certiorari to review the actions of the Governor of Puerto Rico or of the Insular Police Commission, and cited the cases of *Texas Company* v. *Workmen's Relief Commission,* 40 P.R.R. 456, and *Quintana Racing Park, Inc.* v. *Racing Commission,* 44 P.R.R. 840.

█ The appellant admits that there is no special statute whatever to that effect, but he maintains that as the commission and the Governor, within said proceeding, exercise quasi judicial powers, their decisions are reviewable in accordance with the general statute authorizing the issuance of writs of certiorari, §§670 to 674 of the Code of Civil Procedure, (1933 ed.).

At common law the writ of certiorari lay to review not only the decisions of inferior courts but also those of public boards or officers rendered in the exercise of their quasi judicial powers. In the course of time the matter has been regulated by statute in almost every state of the Union and although in many of them the common law rule has been upheld to the fullest extent, in other jurisdictions, including that of Puerto Rico, the scope of this extraordinary remedy has been so restricted that it only lies against an inferior court. Accordingly, §670 of the Code of Civil Procedure

(1933 ed.) provides: "(The writ of certiorari is) a writ issued by a superior to an inferior court requiring the latter to send to the former . . ." It is well to observe that in the English text there is used the word "court," whose meaning is more restricted than that of the term "tribunal," used in the Spanish text.

Being aware of the limitation of the remedy to a review of the decisions from lower courts exclusively, this court, in the two cases cited by the court *a quo*, upheld the inapplicability of said remedy to review the decisions of government boards or bodies. As said in *Quintana Racing Park, Inc.* v. *Racing Commission, supra*, "When the Legislature has sought to make the decisions of boards or commissions reviewable, by the courts through a writ of certiorari, it has expressly said so." Attempting to distinguish the case at bar from the one last cited, the appellant argues that in the latter case the decision involved was not of a quasi judicial character, and such is the case indeed; but it is no less true that the decision which gave rise to the case of *Texas Company* v. *Commission, supra*, was of that character, and in spite of this it was held that the writ of certiorari did not lie for the reasons stated.

Assuming that on the stated grounds the issuance of the writ of certiorari would not be improper, it would be so in the case at bar in view of the nature of the question raised by the appellant, since his contention reduces itself primarily to the allegation that the evidence which the commission and the Governor had before them was insufficient to support the decision decreeing his removal, since under no circumstance can a court undertake to review on certiorari the findings of fact made by an inferior tribunal, nor to weigh the evidence which it had before it and on which said tribunal relied for its decision. *Thayer Amusement Corp.* v. *Moulton* (R.I. 1939), 124 A.L.R. 236, 245; *Pierce* v. *Green* (Iowa 1940), 131 A.L.R. 335, 356.

The fact of the lower court being without jurisdiction to issue the writ of certiorari does not necessarily mean, as maintained by the appellant, that in his case there might exist a wrong without a remedy. The remedy undoubtedly exists, assuming there is a wrong, although certiorari is not the proper remedy. ·

The appeal, therefore, must be overruled and the judgment appealed from affirmed.